**LIANG SHAN CHEN, Petitioner,**

v.

**USDOJ, Respondent.**

No. 05–3953–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Liang Shan Chen, pro se, Elmhurst, New York, for Petitioner.

Peter D. Keisler, United States Attorney for District of Kansas, Eric F. Melgren, Leon Patton, Assistant United States Attorneys, Kansas City, Kansas, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Liang Shan Chen, a native and citizen of China, seeks review of a June 23, 2005 order of the BIA affirming the February 12, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Shan Chen,* No. A79 784 362

(B.I.A. June 23, 2005), *aff'g* No. A79 784 362 (Immig. Ct. N.Y. City Feb. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Although we do not agree with all of the IJ's adverse credibility factors, the non-erroneous factors are sufficient for this Court to confidently predict that the agency would reach the same result on remand. *See Xiao Ji Chen*, 434 F.3d at 162. One troubling factor was the issuance of his birth certificate and national ID card. It was unclear why the security bureau would issue the documents if the police were

seeking to arrest Chen. In addition, Chen was inconsistent about how he learned of his stolen motorcycle, and he attempted to change his story only after he was confronted with the inconsistency. The IJ also did not err in finding Chen's testimony about the neighbor assisting the police to be implausible. Moreover, the IJ reasonably questioned Chen's testimony regarding his participation in a small, private underground church when he submitted photographs of a large meeting hall. Lastly, because Chen was inconsistent on other parts of his story, the IJ was reasonable in requiring additional corroboration of his claims. These factors are supported by substantial evidence and sufficient to serve as the basis for the adverse credibility determination. Accordingly, the IJ was reasonable in denying Chen's asylum claim on adverse credibility grounds. Because the IJ's adverse credibility determination is supported by substantial evidence, this Court need not address the IJ's alternative findings regarding Chen's past persecution and well-founded fear of persecution claims.

Chen does not provide any specific arguments in his brief regarding the denial of his withholding of removal and CAT claims; he mentioned the claims only in the conclusion section of his brief. He did mention torture when he stated, "I have heard that people who were repatriated back to China by a foreign country were severely tortured by the detention officers." *Id.* at 4. However, this single, conclusory sentence is insufficient to raise a challenge to the denial of his CAT claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Accordingly, Chen's withholding of removal and CAT claims should be deemed waived. *Id.*

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previ-

ously granted in this petition is VACAT-ED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).